IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01272-JLK-GJR

THE CIT GROUP/COMMERCIAL SERVICES, INC.,
a New York corporation,

      Plaintiff,

v.

DONALD N. LOVE, TERI M. LOVE, and
SHERRY M. ROSE, AS PUBLIC TRUSTEE OF
SAN MIGUEL COUNTY, COLORADO,

      Defendants.

_____

___

RECOMMENDATION OF MAGISTRATE JUDGE

_____

___

This matter is before me on a June 27, 2007 Order of Reference entered by Senior District

Court Judge John L. Kane.

The Defendant Donald N. Love, through counsel Lowe, Fell & Skogg, LLC, has moved to

dismiss this action under Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction, or in the alternative,

to transfer venue to the Central District of California under 28 U.S.C. § 1404(a) (the"Motion").

[Doc.# 19, filed 7/20/07 ].

The Defendant Teri M. Love, through counsel Gillespie & Gillespie and Randolph &

Associates, has joined in the Motion to Dismiss, or in the alternative, to Transfer. [Doc. # 50, filed

9/13/07].

I respectfully recommend that the Motion to Dismiss, or in the alternative, to Transfer be

denied.

## I.  INTRODUCTION

This action was originally filed in San Miguel County District Court on April 23, 2007 and removed to the U.S. District Court for the District of Colorado on June 15, 2007. [Doc. # 1].  The Plaintiff seeks a decree of foreclosure on real property owned by Donald N. Love and Teri M. Love (the "Loves" or the "Love Defendants") located in San Miguel County, Colorado and pledged as security for the Loves' obligations to CIT pursuant to an Amended and Restated Guaranty dated February 4, 2005.

The Love Defendants, residents of California, characterize the action as essentially a contract dispute between the Plaintiff and two California corporations.  The Defendants argue that the Plaintiff has no right to foreclose on the Loves' property in San Miguel County unless and until there is a judicial determination that a default exists under the original contracts giving rise to the Loves' personal guaranty and a determination that the Loves have failed to perform the obligations that they may have under the guaranty.  The Defendants argue that since the matter is first and foremost a contract action, the court must have *in personam* jurisdiction over the Loves, not *in rem* jurisdiction based on ownership of real property in Colorado.   The Defendants assert that this court lacks personal jurisdiction over the Love Defendants, requiring a dismissal under  Fed.R.Civ.P. 12(b)(2). [Doc. # 19].

Alternatively, the Love Defendants seek transfer of the action to California under 28 U.S.C. § 1404(a), on the grounds that the Loves are domiciled in California, the witnesses to the case are

in California, the documents and other information that will be used by both the Plaintiff and the Love Defendants are in California, and the contracts at issue are to be interpreted based on California law, all of which makes the Central District of California a more convenient forum for the parties. [Doc. # 19]. The Plaintiff resists transfer, on the grounds that venue is only proper in a jurisdiction where an action could have been brought in the first instance. Plaintiff argues that since a California court cannot enter a decree of foreclosure on property located in Colorado, the motion to transfer should be denied. [Doc. # 37].

## II. BACKGROUND

The background is set forth succinctly in the Plaintiff's Response to the Motion. [Doc. # 37]. The parties' relationship began around April 24, 1991, when Sole Survivor Corporation ("Sole Survivor" or "SSC"), a California corporation, and CIT's predecessor-in-interest entered into a Factoring Agreement pursuant to which CIT's predecessor in-interest agreed to finance invoices payable by Sole Survivor. [Complaint, ¶ 6].

At the same time, Defendant Love, a California resident, executed the first of two personal guaranty agreements for the financing Sole Survivor was to receive. [Exhibit A to Motion, ¶ 13(a)]. On January 24, 2003, Teri Love, a California resident, also executed a Guaranty in favor of CIT. [Exhibit B to Motion, B-25]. The Loves secured their obligations under their respective guaranty agreements by jointly executing a Deed of Trust, Assignment of Rents and Fixtures Filing encumbering their Colorado property in favor of the San Miguel County Public Trustee (the "Public Trustee") and for the benefit of CIT, which was recorded with the clerk and recorder's office in San Miguel County, Colorado on August 11, 2003, at Reception No. 359311 (the "Original Deed of

Trust"). [Exhibit B to Motion, B-27].

In 2004, an involuntary bankruptcy proceeding was filed against Sole Survivor, and Sole Survivor transferred all of its assets to Sole Assets Holdings, Inc. ("SAH"), a California Corporation, [Exhibit A to Motion, ¶ 13(I)].  CIT entered into a Factoring Agreement with SAH. [*Id.*].  On February 4, 2005, the Loves jointly executed the Second Guaranty, which amended, replaced and superseded their respective original guaranty agreements, and pursuant to which the Loves guaranteed payment of all "existing and future indebtedness, obligations or liabilities" of Sole Survivor and SAH to CIT. [ Exhibit B to Motion, B-30]  On the same date, the Loves executed a Modification of Deed of Trust ("Modification"), which was recorded in the Records of San Miguel County on February 16, 2005 at Reception No. 372577. [Exhibit B to Motion, B-32].  The Original Deed of Trust, as modified by the Modification (the "Deed of Trust") described the obligations being secured by the Colorado Property as:

2.1   all indebtedness, obligations and liabilities of [the Loves] evidenced by or relating to that certain Amended and Restated Guaranty dated February 4, 2005, by and amount (*sic*) Trustor and Beneficiary, and as further amended, modified, extended, renewed, replaced or supplanted from time to time (the "Guaranty");

2.2   each of [the Loves'] obligations hereunder and all other existing and future obligations to [CIT];

2.3   any and all amendments, renewals, extensions and other modifications of any of the foregoing; . . . [Exhibit B to Motion, B-27, B-32].

Pursuant to the terms of the Deed of Trust, the Loves promised to perform a number of obligations in Colorado, including maintaining, operating, preserving and repairing the Colorado property (§ 4 of the Deed of Trust), complying with all laws applicable to the Colorado property

(§ 4.2 of the Deed of Trust), complying with all rights of third parties as they relate to the Colorado property (§ 4.3 of the Deed of Trust), not initiating or consenting to any changes in zoning or similar laws or private covenants and agreements relating to the Colorado property (§ 4.4 of the Deed of Trust), paying all taxes and impositions upon the Colorado property (§ 4.5 of the Deed of Trust), paying all utility charges relating to the Colorado property (§ 4.6 of the Deed of Trust), performing before the date due all obligations secured by liens upon the Colorado property (§ 4.7 of the Deed of Trust), keeping the Colorado property free of hazardous materials (§ 4.8 of the Deed of Trust), keeping the Colorado property insured (§ 5 of the Deed of Trust), defending any actions which may affect CIT's interest in the Colorado property (§ 7.3 of the Deed of Trust), and not selling or leasing the Colorado property without CIT's consent (§ 8 of the Deed of Trust). [Exhibit B to Motion, B-27, B-32].

The Complaint alleges that Sole Survivor breached the Factoring Agreement by failing, *inter alia*, to pay obligations owed to CIT and by ceasing business operations. [Complaint, ¶ 19]. CIT made written demand upon Defendants Donald Love and Teri Love for payment of the obligations by letter dated February 21, 2007. [Complaint, ¶ 20]. The Complaint further alleges that the Loves failed and refused to pay the obligations in the amount, as of April 17, 2007, of $2,351,999.07. [Complaint, ¶¶ 21 and 22]. The Second Guaranty provided that CIT could seek immediate payment of Sole Survivor's obligation from the Loves, without attempting to collect from Sole Survivor. [Exhibit B to Motion, B-30, page 2].

CIT commenced this action to recover amounts due under the Second Guaranty and seeks a decree of foreclosure as to the Colorado property.

### III.  STANDARD OF REVIEW

#### A. Personal Jurisdiction

Personal jurisdiction over a nonresident defendant in a diversity action is proper when jurisdiction is legitimate under the forum state's long-arm statute and when the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.  *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).  Colorado's long-arm statute is coextensive with the constitutional limitations imposed by the due process clause.  *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D.Colo. 1993) citing *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 574 P.2d 95, 96 (1978).  Therefore, if jurisdiction is consistent with the due process clause, Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant. *Id*.

The exercise of jurisdiction over a non-resident defendant must satisfy the requirements of both the jurisdictional law of the forum state and the due process clause of the Fourteenth Amendment.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).  The Colorado long-arm statute governs the first part of this inquiry.  It codifies the "minimum contacts" principles set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and extends the jurisdiction of Colorado courts to the fullest extent permitted by Constitutional due process standards.  *Brownlow v. Aman*, 740 F.2d 1476, 1481 (10th Cir. 1984); *Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo. 1980).

The Colorado long-arm statute provides that Colorado courts have jurisdiction over any person, whether or not a resident of Colorado, who engages in certain specified types of activities within Colorado. C.R.S. § 13-1-124.  Under the Colorado long arm statute, the ownership, use or

7

possession of real property situated in the state of Colorado permits the exercise of personal jurisdiction over the person who owns, uses or possesses the real property. C.R.S. § 13-1-124 (1)(c).

Personal jurisdiction is proper under the Fourteenth Amendment if a non-resident defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316. The relationship between the defendant and the forum state must be sufficiently strong that it is reasonable to require the defendant to defend the particular suit that is brought there. *Id*. at 317.

In determining whether the exercise of personal jurisdiction is consistent with due process, the inquiry must focus on the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Courts analyze the issue of whether the defendant has sufficient contacts with a particular state to satisfy due process under theories of "specific jurisdiction" or "general jurisdiction." *Waterval v. District Court*, 620 P.2d 5, 8-9 (Colo. 1980); *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D.Colo. 1993). Whether a non-resident has the requisite minimum contacts to establish personal jurisdiction either through the exercise of specific or general jurisdiction must be evaluated on the facts of each case. *Shanks v. Westland Equip. & Parts Co.*, 668 F.2d 1165, 1167 (10th Cir. 1982).

The ownership of real property in a state is not, alone, sufficient to establish personal jurisdiction over a defendant. *Shaffer*, 433 U.S. at 207.

In assessing the facts necessary to establish personal jurisdiction, the allegations set forth in the plaintiff's complaint must be accepted as true, but only "to the extent they are uncontroverted by

defendant's affidavits." *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).

## B. Transfer of Jurisdiction

A United States district court may transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) was enacted to address the issues that arise when the plaintiff's venue is proper, but inconvenient. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). The provision was not "designed to narrow the plaintiff's venue privilege ... but rather ... simply to counteract the inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court." *Id.* at 635. An action may be transferred pursuant to section 1404(a) "at any time during the pendency of the case, even after judgment has been entered." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Change of venue "lies within the sound judicial discretion of the trial judge." *Texas E. Transmission Corp. v. Marine Office-Appleton & cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). When determining whether a case should be transferred, the court must engage in a "flexible and individualized analysis" and "weigh in the balance a number of case-specific factors." *Chrysler Credit Corp.*, 928 F.2d at 1516. Factors considered by the court when considering whether the proposed forum better serves convenience and the interest of justice are:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and

obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.*

The burden is on the defendant to establish that there should be a change of venue. *Sackett v. Denver & Rio Grande W.R.R.*, 603 F.Supp. 260, 261 (D.Colo. 1985).

## IV.  ANALYSIS

### A.  Motion to Dismiss

I agree with the analysis of the Plaintiff.  Because this action concerns the Love Defendants' ownership, use, and possession of real property in Colorado, the issue the Court must resolve is whether jurisdiction over the Love Defendants is consistent with the due process clause.  If a defendant has "purposefully directed" activities at the forum state, and the litigation results from alleged injuries that "arise out of or relate to" those activities, then a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, (1985).  Because this case arises from the Love Defendants  purposeful contacts with Colorado, only the requirements for specific jurisdiction need be met.

A specific jurisdiction analysis involves a two-step inquiry. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir. 1998).  The first inquiry is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there," which is known as the "minimum contacts/purposeful

availment" analysis. *Id*. citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1979). The second inquiry is whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *Id*. at 1091.  This second inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is "reasonable" in light of the circumstances surrounding the case. *Id*., citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 111 (1987).   Under the circumstances of this case, both requirements for specific jurisdiction are met.

The Love Defendants own real property in Colorado.  The Love Defendants executed the Deed of Trust and the Modification against the Colorado property in favor of CIT as security for obligations to CIT.  Certain obligations in the Deed of Trust can only be performed in Colorado. The Love Defendants took affirmative steps to avail themselves of the privilege of doing business in and to afford themselves of the protections of the laws of Colorado.  The Loves offered the Colorado property as security for a financial arrangement and granted CIT the Deed of Trust upon it.  In the Deed of Trust, the Loves agreed that upon default, CIT could foreclose either by means of a public trustee foreclosure or "commence an action to foreclose this Deed of Trust."  When a debtor defaults on an obligation which is secured by a deed of trust, the beneficiary of the deed of trust has two options:  1) sue for a judgment on the debt and execute on the judgment against the real property or 2) foreclosure on the lien of the deed of trust.  *See*, *e.g.*, *Mortgage Inves. Corp v. Battle Mountain Corp.*, 70 P.3d 1176, 1184-85 (Colo. 2003); *Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg. Co.*, 393 P.2d 751 (Colo. 1934).  The choice of the two options is the creditor's.  If the creditor elects option two, a determination of default and the amount due and owing and the foreclosure are considered one proceeding.  *Green v. Wilson*, 11 P.2d 25, 226 (Colo. 1932).  The concept that the

11

purpose of a foreclosure suit is to both ascertain the debt and for the seizure and sale of property is commonly recognized. 55 Am. Jur.2d § 630 (2005) (discussing the purpose and nature of foreclosure suits).   The Love's claim that this is foremost a contract action mischaracterizes this judicial foreclosure as a suit for judgment against the Love Defendants.  Foreclosures are not simply suits to collect money; instead, they are suits to enforce a secured interest and to gain property.  Thus, a central, and indeed necessary, part of this suit is Mr. Love's interest in the Colorado property.

In determining whether the exercise of jurisdiction does not offend notions of fair play and substantial justice, courts consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi*, 480 U.S. at 113.  Considering all five criteria, the exercise of jurisdiction in this case does not offend.

I recognize that the Love Defendants are both residents of California and that the contracts that created the underlying obligations in this matter were executed in California.  The witnesses are located in California.  It will likely be a burden on the Defendants to defend against this suit in Colorado.  However, outweighing this burden on the Defendants are the facts that the Defendants knowingly pledged their Colorado property as collateral for a debt and executed the Modified Deed of Trust requiring the Defendants to perform certain contractual duties in Colorado.  The Defendants should have reasonably expected that should the debt go unpaid, they would have to defend against suit in Colorado.  CIT cannot obtain a decree of foreclosure for the Colorado property in any other

state. Additionally, because this action concerns real property in Colorado, Colorado has a significant interest in resolving this dispute. *See Dwyer, supra* (emphasizing that when the subject matter of the contract, the real estate, was located in Colorado, Colorado was the state with the greatest interest in the transaction). It would also seem that the most efficient resolution of the disposition of the Colorado property would be to resolve it in the Colorado courts.

I find that jurisdiction in the District of Colorado would not offend notions of fair play and substantial justice.

Accordingly I recommend that the Motion to Dismiss on the grounds that this court lacks personal jurisdiction over the Love Defendants under Fed.R.Civ.P. 12(b)(2) be DENIED.

### B.  Motion to Transfer

In the alternative to the Motion to Dismiss, Defendant Love has requested that this action be transferred to the Central District of California under 28 U.S.C. 1404(a). Section 1404 (a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been **brought**." Defendant Love argues that venue should be changed because it would be more convenient for the parties and the witnesses and in the interest of justice. I again agree with the plaintiff. Regardless of how convenient the requested forum may be, the Court may not grant the Defendants' change of venue request unless CIT might have brought this action in the Central District of California in the first instance. *McKinley v. Martin*, 722 F.Supp. 697, 699 (D.Wyo. 1989, (citing *Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960))). I recognize that for the convenience of the witnesses, which is a

13

factor that the court should consider strongly, venue in California is more convenient.  However, even

if venue is more convenient in California, this court can not transfer this action unless this action is

one that could have also been brought in California.  In this action, CIT seeks a decree of foreclosure

on property located in Colorado.  It is a fundamental principle of jurisprudence that a judgment or

decree cannot operate exterritorially so as to affect the title to land in another state or country, and

therefore it is beyond the power of any court to render a binding judgment in foreclosure proceedings

as to land located in another state.  55 Am. Jur.2d Mortgages § 640 (2005).  Similarly, the concept

that local actions affecting real property can only be brought in the jurisdiction where the subject

property is located "is established firmly in federal jurisprudence." 14D Wright & Miller § 3822 at

451 (2007).  Foreclosure actions – like the present case – have been held to be local in nature and,

thus, can only be brought where the property is located. *Id*. at 461; *see also Hayes v. Gulf Oil Corp.*,

821 F.2d 285, 290 (5th Cir. 1987).  "(A) court can obtain *in rem* jurisdiction only over property

situated within its territorial borders."  *U.S. v. 51 Pieces of Real Property Roswell, N.M.*, 17 F.3d

1306, 1310 (10th Cir. 1994); *see also* 17 Moore's Federal Practice 3d § 110.20[2] (2001) ("if a

plaintiff seeks a remedy that requires jurisdiction over the property, the action is *in rem* and local and

must be brought where the real property is located").  This longstanding rule is also reflected in 28

U.S.C. § 1655, which grants federal courts jurisdiction to enforce any liens upon real property located

in the state where the federal court sits.  Actions brought under Section 1655 must be brought in the

district where the property is located.  *McKinley*, 722 F.Supp. at 699; *First Charter Land Corp. v.*

*Fitzgerald*, 643 F.2d 1011, 1014 (4th Cir. 1981).  California is not a state in which this action may

have been brought.

Because California cannot enter a decree of foreclosure for the Colorado Property and is not a venue in which CIT could obtain the relief and protection it seeks, I recommend that the Motion to Transfer Venue under 28 U.S.C. § 1404 be denied.

## IV.  CONCLUSION

I respectfully recommend that the Motion to Dismiss or in the alternative to Transfer be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P.72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) and also waives appellate review of both factual and legal questions.  *In re Key Energy Resources, Inc.*, 230 F.3d 1197, 1199-1200 (10th Circuit 2000).  A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Circuit 1996).

DATED this 17th day of October, 2007.

FOR THE COURT


s/ Gudrun J. Rice
_____
Gudrun J. Rice
U.S. Magistrate Judge


15